# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    **v.**                        **Case No. 02-CR-219**

**AARON LOHMAN,**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Aaron Lohman requested early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).  I ordered the government and probation office to respond and now deny the request.

### I.

On April 18, 2003, I sentenced defendant to 30 months in prison following his guilty plea to possessing a firearm as a felon, followed by three years of supervised release.  On March 2, 2005, I reduced the prison sentence to 24 months on the government's Fed. R. Crim. P. 35 motion.  Defendant was released from prison to supervised release on March 11, 2005 and is currently scheduled to discharge from supervision on March 10, 2008.

In his letter request, defendant indicates that he has satisfied his financial obligations, met regularly with his probation officer and remained drug free.  He further indicates that he has held a steady job, is in a positive relationship and has strong family support.

The probation office reports that defendant has been employed and paid his fine and special assessment, and that his drug screens and breathalyzer tests have all been negative.  However, he submitted diluted urine samples on April 11 and 25, 2005, for which he was

verbally reprimanded. Further, he admitted patronizing a tavern in March 2005, a violation of his conditions. He also received traffic citations in November 2005 and August 2006, and traveled outside the district without approval in August 2006. Finally, he has consistently failed to timely submit his monthly reports.

## II.

Section 3583(e)(1) provides that the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998) (stating that the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard).

The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, "termination is proper only in cases with a new or unforeseen circumstance, which may include exceptionally good behavior." Id. at 246-47; see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (noting that early termination is a discretionary decision made by the district court, is not warranted as a matter of course, but is "occasionally" justified due to the "changed circumstances" of a defendant, such as "exceptionally good behavior").

2

**III.**

Under the circumstances of this case, early termination would not be in the interests of justice. While defendant has generally complied with conditions, he has had several violations, as set forth above. His behavior has not been exceptionally good, and he provides no other basis for early termination. Further, given defendant's history of substance abuse and drug-related crimes, I conclude that he should be monitored for the full term imposed.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's request is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

3